

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Spence

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3270

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Spence" (2006). *2006 Decisions.* Paper 1428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3270

———

UNITED STATES OF AMERICA,

v.

ZACHERY SPENCE,

<u>Appellant</u>

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-25)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: SLOVITER and FUENTES, <u>Circuit Judges</u> and
RESTANI[*], <u>Judge</u>.

(Filed:   March 15, 2006)

———

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

---

[*]   Honorable Jane A. Restani, Chief Judge of the United
States Court of International Trade, sitting by designation.

Zachery Spence pled guilty to conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and using a communication device in furtherance of drug trafficking in violation of 21 U.S.C. § 843(b). As a result, he was sentenced to twenty years' imprisonment, 10 years of supervised release, a $2500 fine and an $800 special assessment. In light of the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), Spence has appealed his sentence on constitutional grounds. For the reasons herein we must reject Spence's claims and accordingly affirm the district court's sentence.

## I.    Background

Because we write only for the parties, we offer only a cursory outline of the facts. Spence was charged in connection with his participation in the Courtney Carter Narcotics Organization, which was responsible for drug trafficking and related activity in a number of locations, including Philadelphia, Western Pennsylvania and Delaware. All told, thirty-seven individuals were charged in this conspiracy, which spanned from 1997 through 2002 and distributed approximately 400 kilograms of cocaine base and 600 kilograms of cocaine over that period.

Spence joined the conspiracy in 1997 and worked through 2001, primarily as a driver and cocaine deliveryman. During this period, Spence was also recorded on a number of phone calls discussing cocaine transactions. He was thus charged with conspiracy to distribute more than 50 grams of cocaine base and more than five kilograms of cocaine, as well as use of a communication facility in committing, causing or facilitating drug transactions.

2

The morning his trial was to begin, Spence pled guilty to both charges. Though his presentencing report produced a Sentencing Guidelines range of 30 years to life in prison, Judge Dalzell opted to impose a sentence based only upon sentencing enhancements that had been determined by a jury or admitted by Spence. Accordingly, Judge Dalzell calculated a Guidelines range of 14 to 17 1/2 years in prison. Because of a prior conviction, however, Spence's participation in the conspiracy mandated a statutory-minimum sentence of 20 years, which, as noted above, is the term that Judge Dalzell imposed. This appeal followed.[1]

## II.    Analysis

Spence argues that the increase in punishment from the Guidelines range of 14 to 17 1/2 years to the 20-year sentence imposed relied upon judicial fact-finding that was unconstitutional pursuant to Booker. Under Booker, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. Because his maximum penalty increased from 17 1/2 years to the 20 years he received based on facts not admitted or proven to a jury, Spence claims the increase he received was unconstitutional. We disagree.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and constitutional questions." United States v. Lennon, 372 F.3d 535, 538 (3d Cir. 2004).

Under 21 U.S.C. § 841(b)(6), a party found guilty of distributing in excess of 5 kilograms of cocaine or 50 grams of cocaine base "shall be sentenced to a term of imprisonment of not less than 10 years or more than life in prison." Where a party having pled guilty under this Section has been convicted of a prior drug felony offence, however, the minimum sentence that party must serve doubles, to 20 years. 21 U.S.C. § 841(b)(6). Under 21 U.S.C. § 846, one of the statutes under which Spence was charged, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Section 841(b)(6) is in the same subchapter as Section 846, and it is under this latter Section that Spence was convicted. Hence, to the extent he had a prior drug felony conviction, the shortest sentence Spence could possibly have received was 20 years, precisely the sentence he got.

Under the Booker formulation quoted above, the existence of a prior conviction expressly need not be admitted or found by a jury. That is, where, as here, the existence of a prior conviction is the sole reason for the increase in punishment, there can be no violation of the Sixth Amendment. See Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998) (holding that a prior conviction need not be charged in the indictment and proven to a jury beyond a reasonable doubt); see also United States v. Ordaz, 398 F.3d 236, 240 (3d Cir. 2005) (confirming that Almendarez-Torres remains good law after Booker). Further, under Section 5G1.1(b) of the Guidelines, "where a statutorily required minimum sentence is greater than the maximum applicable guideline range, the statutorily required sentence shall

4

be the guideline sentence," meaning that, as Judge Dalzell again correctly noted, the statutory minimum here "trumped" the 14- to 17 1/2-year Guidelines range.

Because no sentence under 20 years could have been imposed, no possible relief is available for Spence at resentencing. Though our holding in <u>United States v. Davis</u>, 407 F.3d 162 (3d Cir. 2005) took an expansive approach to remanding pre-<u>Booker</u> sentences on direct appeal, it did not mandate remand in all such instances. Where there is no uncertainty as to whether a defendant was prejudiced by the pre-<u>Booker</u> sentencing regime, we have found no need to remand. Spence suffered no prejudice from the fact he was sentenced under the mandatory, pre-<u>Booker</u> Guidelines regime. Accordingly, we affirm the sentence imposed.

## III. Conclusion

For the reasons stated above, the judgment of the district court will be affirmed.